286 So.2d 337 (1973)
RED BALL MOTOR FREIGHT, INC.
v.
LOUISIANA PUBLIC SERVICE COMMISSION.
No. 53566.
Supreme Court of Louisiana.
December 3, 1973.
*338 Charles H. Ryan, Monroe, for plaintiff-appellant.
Marshall B. Brinkley, Gen. Coun., Louisiana Public Service Comm'n, Baton Rouge, for defendant-appellee.
SUMMERS, Justice.
Red Ball Motor Freight, Inc., was cited by the Louisiana Public Service Commission to show cause why it should not be found guilty of failing to adequately perform motor transportation service. Specifically, the complaint the Commission was investigating centered around delays and other difficulties brought about due to the discontinuance by Red Ball of its subagency terminal in Leesville, Louisiana. La.R. S. 45:161-172.
The matter was heard before the Commission on January 16, 1969 and February 26, 1969. Based upon the "overall economy" of Red Ball's intrastate operations in Louisiana, the Commission, on May 20, 1969, ordered Red Ball to reestablish a terminal facility at Leesville comparable to that recently discontinued. Red Ball applied for a rehearing which was granted. After receiving additional evidence and upon further consideration, the Commission affirmed its order on May 5, 1970 with one dissent.
Being "dissatisfied" with this result Red Ball filed a petition in the district court, as authorized by Section 1192 of Title 45 of the Revised Statutes, to have the Commission order annulled and set aside. A pretrial conference was held at which it was understood that Red Ball would produce a witness at the trial on its behalf to testify "about the operating costs of reopening the terminal facility at Leesville"; this testimony was to be supplemental to that given at the hearings before the Commission.
At the trial before the district judge counsel for Red Ball introduced in evidence the transcript of the proceedings before the Commission. He then sought to offer evidence "not repetitious or cumulative" of the evidence taken before the Commission. Two of his witnesses would testify and offer exhibits relative to the Leesville terminal dealing with "happenings and occurrences subsequent to the last hearing before the Commission."
The offer to present this evidence was objected to by counsel for the Commission as irrelevant. The argument is that the Commission order was based upon evidence existing at the time of its issuance. Evidence *339 of subsequent "happenings and occurrences", it was contended, could therefore have no effect on the order's validity. Objection was also made that to permit the introduction of this "new evidence" would result in a "duplicity of trials." And, thirdly, counsel for the Commission advanced the argument that orders of administrative tribunals are presumed to be correct and must be attacked, if at all, on the basis of the evidence which was before the administrative tribunal at the time the order was entered.
In sustaining the objections of Commission Counsel the trial judge stated that the matter before him was a petition for review of the Commission order to be determined solely on the basis of the record made before the Commission. The witness was nevertheless permitted to testify, however, and the evidence has been recorded and separately filed under a proffer. La. Code Civ.P. art. 1963. The ruling was erroneous and is reversed.
The Constitution prescribes that "any party in interest may appeal from orders and decrees of the Commission to the courts by filing suit ... against the Commission at its domicile." La.Const. Art. VI, ¶ 5. Although establishing the right to review of Commission orders, the Constitution is silent as to the scope of review. Comment, 33 Tul.L.Rev. 199 (1958). However, the enabling statute (La.R.S. 45:1194) provides for the suspension of judicial proceedings upon presentation of new facts on review, and requires that the new evidence be sent to the Commission for its consideration before rendition of any judgment by the trial court.[1] By the requirement that new facts be sent back to the Commission the statute restricts the scope of review to evidence which the Commission has had an opportunity to consider. The procedure can only be dispensed with by stipulation of the parties. There is no such stipulation in this record.
As we view the statute, the evidence a plaintiff tenders for introduction in a suit to review a Commission order is necessarily to be governed by the rules of evidence concerning admissibility. However, when the evidence meets the test of admissibility, the trial judge must permit it to be introduced into the record. Thereupon, if the evidence is "found to be different from that offered upon the hearing before the commission, or additional thereto, the court, before proceeding to render judgment... shall send a transcript of such evidence to the commission." The language is mandatory. The trial judge has no discretion in the matter. La.R.S. 45:1194; White v. Louisiana Public Service Comm., 259 La. 363, 250 So.2d 368 (1971).
Therefore, our principal concern is with the admissibility of the evidence proffered at the trial. To make this judgment it is necessary to consider the facts the evidence supports.
Red Ball acquired its authority to serve the Leesville area in 1962 by purchase from Couch Corporation. It then became one of four carriers certificated to serve that locality. At the time of the purchase, Couch was serving Leesville on a "store-door" local truck operating from Shreveport. On March 16, 1964, Red Ball made arrangements for a commission agent and *340 opened a terminal facility in Leesville which was utilized until its termination in November 1968.
After the closing, Red Ball continued to serve the Leesville area by a method known as "peddle-run", an arrangement whereby freight destined for delivery in the Leesville area is sorted and collected at its terminal in Alexandria. The freight is then placed on one or more trucks which drive to Leesville and make the deliveries. While the trucks are in Leesville, they pick up outgoing freight from that area and return it to the Alexandria terminal.
In the hearing before the Commission the evidence consisted principally of complaints of Leesville public officials and business men concerning the inadequacy of the service after discontinuance of the Red Ball terminal facility. These complaints were profuse, and they were understandable reactions to the discontinuance of the terminal. Little evidence was addressed to the question of the costs to Red Ball of maintaining the agency facility, other than statements of a general character. One factor bringing about the discontinuance, it was pointed out, was the demand of the commission agent for a 45-percent increase in compensation for his services. Other evidence disclosed that continuance of the facility would result in a loss to Red Ball and that the substituted service was adequate. Much of the evidence generally related to the emerging problems faced by carriers in this field of transportation.
The proffered evidence which was neither admitted nor sent to the Commission for consideration includes the testimony of Martin B. Turner, "traffic manager of commerce" for Red Ball. He testified regarding the cost factors of the different types of operation conducted by Red Ball in the Leesville area. His testimony was supported by exhibits representing the result of studies conducted since the Commission order.
The gist of Turner's testimony is that Red Ball discontinued operation of the Leesville terminal because of rising wage (commission) demands on the part of its commission agent. Establishment of a separate terminal, according to that witness and the supporting data, would be prohibitively expensive.
Needless to say, the economics of motor transport operations is a relevant factor in all Commission orders regulating those operations. La. & Ark. Ry. v. Louisiana Public Service Commission, 240 La. 658, 124 So.2d 899 (1960). Pertinently, it is observed, a principal reason for issuance of the order under review was: "The differences in cost of such handling (over the present handling on so-called peddle runs) is not sufficient to justify the adverse effect the removal of the Leesville terminal has had on service by Red Ball in that area."
Thus, a reasonable conclusion requires that the proffered evidence be admitted as relevant, dealing as it does with a more definitive study of the cost factors involved. Huntington v. Westerfield, 2 Orl.App. 405 (1909); 31A. C.J.S. Evidence § 158; 29 Am.Jur.2d, Evidence ¶ 249. The objection that it is new evidence which will result in a "duplicity of trials" is answered by the language of the enabling statute making abundantly clear that the law contemplates introduction, in a proper case, of evidence which is "different" or "additional" to that offered before the Commission. La.R.S. 45:1194. And, finally, while according the presumption of correctness to orders of administrative tribunals, courts must, at the same time, recognize that the presumption is rebuttable. Thus the presumption does not prohibit the introduction of evidence in support of a contention that the order is arbitrary, capricious, and unreasonable, or that it was issued without any legal evidence to support it.
For the reasons assigned, the judgment of the district court is reversed and the case is remanded to the trial court with instructions to admit the proffered testimony *341 and exhibits into evidence in this cause, to send a transcript of such evidence to the Commission, to stay proceedings in the suit for fifteen days from the date of transmission, and to thereafter proceed with the matter in accordance with Section 1194 of Title 45 of the Revised Statutes.
NOTES
[1] La.R.S. 45:1194 provides:

"If, upon the trial of any suit brought to contest any decision, act, rule, rate, charge, classification, or order, of the commission, the plaintiff introduces evidence which is found to be different from that offered upon the hearing before the commission, or additional thereto, the court, before proceeding to render judgment, unless the parties to such action stipulate in writing to the contrary, shall send a transcript of such evidence to the commission, and stay proceedings in the suit for fifteen days from the date of such transmission. Upon the receipt of the transcript, the commission shall consider the evidence, and it may alter, modify, amend, or rescind its decision, act, rule, rate, charge, classification, or order, complained of in the suit and shall report its action to the court within fifteen days from the receipt of the transcript."